09-4534-cv
Wharff v. State University of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand eleven.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

WILDRED WHARFF,
*Plaintiff-Appellant*,

v.                                                              No. 09-4534-cv

STATE UNIVERSITY OF NEW YORK,
*Defendant-Appellee.*

------------------------------------------------------------------

FOR APPELLANT:        Steven A. Morelli, Garden City, New York.

FOR APPELLEE:         Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Patrick J. Walsh, Assistant Solicitor General, New York, New York.

Appeal from the United States District Court for the Eastern District of New York

(Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Wildred Wharff sued his former employer, defendant-appellee State University of New York ("SUNY"), for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court (Townes, *J*.) granted summary judgment for SUNY and Wharff appealed. We assume the parties' familiarity with the factual background and procedural history of this case, which we reference only as necessary to explain our decision.

## DISCUSSION

We review orders granting summary judgment de novo, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. See Anemone v. Metro. Transp. Auth., 629 F.3d 97, 113 (2d Cir. 2011).

**I. Disparate Treatment**

Wharff alleges that SUNY refused to promote him from Lab Technologist to Assistant Supervisor because of his sex. We analyze failure to promote claims under the tripartite burden shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). The plaintiff bears the initial burden of establishing a prima facie case of discrimination. Id. at 802. If he does so, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its actions. Id.; see also Aulicino v. New York City Dep't of Homeless Servs., 580 F.3d 73, 80 (2d Cir. 2009). If the employer carries that burden, the plaintiff can avoid summary judgment only if he comes forth with sufficient

evidence to permit a rational factfinder to conclude that the employer's justification was merely a pretext and, in fact, its "employment decision was . . . based in whole or in part on discrimination." Aulicino, 580 F.3d at 80 (internal quotation marks omitted).

Wharff cannot, and does not attempt to, make out a prima facie case of discrimination based on the two supervisory positions that he applied for, but did not receive, since both of those positions went to other male applicants. Instead, Wharff argues that he should have received one of three other positions that went to female employees without first being made open to a competitive application process. Even assuming that this establishes a prima facie case of discrimination, SUNY has offered a legitimate, nondiscriminatory reason for its promotion decisions that Wharff has failed to rebut.

As SUNY explains, all three promoted female employees had previously assumed many of the responsibilities of the supervisors they replaced, and had succeeded in those new roles before being recommended for and receiving their promotions. Because they had already assumed many of the responsibilities of their new roles, SUNY's collective bargaining agreement did not require an open application process. Wharff, however, had not permanently assumed increased responsibility over those shifts or been recommended for one of those promotions by his supervisor. He was therefore ineligible for direct promotion outside of the open application process.

Wharff offers no evidence that SUNY applied its promotion procedures unfairly, that the collective bargaining agreement's sanctioning of the alternate hiring process was negotiated as a pretext for sex discrimination, or that the selection of alternatives was

intentionally manipulated to accomplish such discrimination. The one open application process that Wharff has challenged as discriminatory resulted in a male employee obtaining the position, and both times that Wharff actually applied for an open position, SUNY filled that position with another male employee. Those results refute Wharff's claim that SUNY manipulated the choice of application processes to discriminate against men.

Wharff attempts to undermine SUNY's nondiscriminatory rationale by asserting that he was more qualified than one of the promoted female employees. But even if that were true, "Title VII does not require that the candidate whom a court considers most qualified for a particular position be awarded that position; it requires only that the decision . . . not be discriminatory." Lieberman v. Gant, 630 F.2d 60, 67 (2d Cir. 1980). Where "a decision to . . . promote . . . one person rather than another is reasonably attributable to an honest even though partially subjective evaluation of their qualifications, no inference of discrimination can be drawn." Id. In this case, SUNY reasonably applied its promotion policy, and Wharff did not possess sufficiently superior qualifications to undermine SUNY's nondiscriminatory explanation for its hiring decision. See Davis v. State Univ. of New York, 802 F.2d 638, 642 (2d Cir. 1986) ("[T]he reasons for hiring Sherman were not so ridden with error that appellees could not have honestly relied upon them."). We therefore conclude that Wharff has failed to put forth sufficient evidence from which a jury could find that SUNY's promotion decisions were discriminatory.

## II. Disparate Impact

Wharff also challenges SUNY's promotion policy on disparate impact grounds. In support of this claim, Wharff contends that eight of the ten individuals promoted by Lab Administrator Maria Mendez to two supervisory positions were female. Based on that data alone, Wharff argues that "a reasonable trier of fact could have concluded that [SUNY's promotion] policy resulted in [a] discriminatory impact on males."

"To make out a prima facie case of disparate impact, a plaintiff must '(1) identify a policy or practice, (2) demonstrate that a disparity exists, and (3) establish a causal relationship between the two.'" Malave v. Potter, 320 F.3d 321, 325 (2d Cir. 2003), quoting Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 160 (2d Cir. 2001). Wharff's disparate impact claim fails because he cannot establish any sex-based disparity in promotions.

Wharff has offered no information about the proportion of qualified females in the relevant applicant pool. It therefore remains unclear whether the number of female employees promoted is disproportionate to their number in the relevant workforce. While "[g]ross disparity between . . . employment and . . . percentage in the relevant work force may imply . . . discrimination," Guardians Ass'n of New York City Police Dep't, Inc. v. Civil Serv. Comm'n, 630 F.2d 79, 109 (2d Cir. 1980), without any evidence of the number of females in the relevant workforce, we cannot conclude that a hiring disparity even exists, let alone that any disparity is causally connected to SUNY's promotion practices.

Furthermore, Wharff's data is incomplete. Taking into account both promotions and

5

new hires, Mendez has selected a total of eighteen supervisors during her time at SUNY, eighty percent more than Wharff's data would suggest. Of those eighteen, exactly half were male. As we stated in Smith v. Xerox Corp., while "a subset can be chosen that will make it appear as though the complained of practice produced a disparate impact[,] . . . when the entire group is analyzed any observed differential may disappear, indicating that the identified employment practice was not the cause of the disparity observed in the subset." 196 F.3d 358, 369 (2d Cir. 1999), overruled on other grounds, Meacham v. Knolls Atomic Power Lab., 461 F.3d 134, 140 (2d Cir. 2006). In this case, an analysis of all of the new supervisors who received their positions through the procedures demanded by SUNY's collective bargaining agreement reveals no sex-based disparity.

## CONCLUSION

We have considered all of Wharff's arguments on appeal and find them to be without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court